PEOPLE v FLEMING

PEOPLE v CALVIN

Docket Nos. 78006, 78345. Submitted January 8, 1985, at Lansing.—
Decided April 16, 1985. Leave to appeal applied for.

Franklin D. Fleming and Willie L. Calvin were convicted on their
pleas of guilty in a joint proceeding in Oakland Circuit Court,
James S. Thorburn, J., of four counts of armed robbery and two
counts of second-degree criminal sexual conduct. At the joint
sentencing proceedings, Judge Thorburn, after inquiring
whether counsel had reviewed the presentence investigation
report and the sentencing guidelines and affording both defense
counsel and defendants the right of allocution, sentenced each
defendant to from 72 to 180 months on the criminal sexual
conduct counts and from 17 to 40 years on the armed robbery
counts. On the day following sentencing, copies of sentencing
information reports and the statement of Judge Thorburn's
reasons for deviating from the sentencing guidelines were sent
to defense counsel. Judge Thorburn indicated that he was
setting the minimum sentence on the armed robbery count at
17 years because of the severe nature of the overall criminal
episode, because of the lack of true remorse and because a 17-
year minimum sentence was believed to be necessary to insure
that the defendants served at least seven years in prison after
the anticipated sentence reductions due to good time and the
Prison Overcrowding Emergency Powers Act had been sub-
tracted. Both defendants appealed. The appeals were consoli-
dated for review. *Held:*

1. The requirement in the Sentencing Guidelines Manual
that the sentencing court's reasons for departing from the
guidelines "must be placed on the record" mandates that those

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 21 Am Jur 2d, Criminal Law § 595 *et seq.*

[2] 21 Am Jur 2d, Criminal Law §§ 527, 528.

Court's presentence inquiry as to, or consideration of, accused's
intention to appeal, as error. 64 ALR3d 1226.

[4] 21 Am Jur 2d, Criminal Law §§ 484-496, 500 *et seq.*

Judge's participation in plea bargaining negotiations as rendering
accused's guilty plea involuntary. 10 ALR4th 689.

reasons be orally articulated by the court at the time of sentencing. The placing in the court file of the statement by the court outlining its reasons was not sufficient. The failure to orally articulate the reasons at the time of sentencing mandates reversal.

2. One purpose of requiring an oral articulation by the trial court of the reasons for departing from the sentencing guidelines is to permit a defendant to raise claims relative to the accuracy of the information upon which the court makes its determination to depart from the guidelines.

3. It was neither erroneous nor improper for the sentencing court to consider the defendants' lack of remorse.

4. Defendants are not entitled to withdraw their guilty pleas because the court departed from the sentencing guidelines.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — ARTICULATION ON RECORD.

The requirement in the Sentencing Guidelines Manual that the sentencing court's reasons for departing from the guidelines "must be placed on the record" mandates that those reasons be orally articulated by the court at the time of sentencing; oral articulation of the reasons at the time of sentencing both facilitates appellate review and provides the defendant the opportunity to inform the court of any inaccuracies in the information upon which the court is basing its departure from the sentencing guidelines.

2. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A criminal defendant is entitled to be sentenced on the basis of accurate information; where the defendant makes a claim at the time of sentencing that inaccurate information has been provided to the judge, the judge has a duty to respond to that claim.

3. CRIMINAL LAW — SENTENCING — REMORSE.

It is neither clearly erroneous nor improper for a trial court to consider a criminal defendant's lack of remorse in imposing sentencing.

4. CRIMINAL LAW — GUILTY PLEAS — SENTENCING — SENTENCING GUIDELINES.

A departure from the sentencing guidelines by a sentencing court does not render an underlying guilty plea unknowingly and involuntarily made nor does it give rise to a right by the defendant to withdraw his guilty plea.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Newblatt & Dechter* (by *Flora J. Newblatt),* for defendant Fleming.

*O'Neill, Shannon & Mills* (by *Patricia F. Donaldson),* for defendant Calvin.

Before: ALLEN, P.J., and J. H. GILLIS and W. J. GIOVAN,* JJ.

PER CURIAM. On March 14, 1984, both defendants Calvin and Fleming pled guilty to four counts of armed robbery, MCL 750.529; MSA 28.797, and two counts of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). The defendants' pleas were based on an agreement to dismiss four counts of kidnapping and other charges of first-degree criminal sexual conduct. An additional charge of assault with intent to do great bodily harm less than murder lodged against defendant Fleming was also dismissed. On March 21, 1984, defendants were sentenced to terms of from 72 to 180 months (6 to 15 years) on the CSC convictions and from 17 to 40 years on the armed robbery convictions. Each appeals as of right. The appeals were consolidated by order of this Court.

Defendants raise five common issues concerning their sentences and the procedure by which they were imposed. Defendant Calvin additionally argues that he was denied the effective assistance of counsel by his attorney's failure to object to the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sentencing procedure. We first address those issues common to both defendants.

At the time these sentences were imposed, the trial court was required to state its reasons for imposing sentence on the record and, in the event of a departure from the recommended minimum range contained in the Sentencing Guidelines Manual, was required to state its reasons for departure on the record and on the Sentencing Information Report. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983); Supreme Court Adminstrative Order No. 1984-1, 418 Mich lxxx. The transcript of the sentencing proceeding reveals that the trial court made a brief reference to each of the defendant's prior records before imposing sentence. No other explanation or reason for the sentences was given. However, the court files indicate that on March 22, 1984, the day *after* imposition of sentence, copies of the sentencing information reports prepared for both offenses, along with a statement of reasons for deviating from the guidelines for the offense of armed robbery, were mailed to each defense attorney. There is no indication that the defendants were individually informed by the court of the reasons for departure.

While the minimum sentences imposed for the criminal sexual conduct convictions appear to be within the recommended guideline range, the 17-year minimums for the armed robbery convictions do not. Utilization of the guideline factors results in a minimum sentence range of from five to eight years, much less than the minimum term actually imposed.

Defendants first claim that the trial court's failure to specify on the record its reasons for departure from the guidelines requires reversal. This issue is based, in part, upon defendants' claims that the trial court considered inaccurate informa-

tion in imposing sentence and that, by failing to state the reasons on the record, they were deprived of the opportunity to rectify the error.

The Sentencing Guidelines, Departure Policy, Ch 27, ¶ 3, provides in part: "Departure reasons *must be placed on the record* and on the Sentencing Information Report (SIR)." (Emphasis added.) Administrative Order 1984-1 also states that "[t]he judge may depart from the recommended minimum range for the reasons, *and in the manner,* prescribed by the guidelines". (Emphasis added.) We find it clear that the judge must state on the record reasons justifying the departure from the guideline range. To this extent, we disagree with the panel in *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985), that it is sufficient for the sentencing judge to state the reasons for departure on the SIR and to file a copy of the SIR with the court record. Such action, which places the reasons *in* the court file record, fails to satisfy the requirement that the reasons be *on* the record.

We find support for this conclusion in *People v Coles, supra,* pp 549-550, where the Court, quoting from *United States v Brown,* 479 F2d 1170 (CA 2, 1973), first set forth the requirement for articulation of reasons in support of the sentence imposed. Two of the reasons mentioned by the *Brown* Court are especially relevant to the present situation:

"It would also promote fairness by minimizing the risk that the sentencing judge might rely on misinformation or on inaccuracies in the presentence report. * * * If a misapprehension of the court's part were disclosed, the defendant would then have the opportunity to answer and explain, pointing out the error." 479 F2d 1172-1173.

We can see no reason why those justifications should not apply to the requirement set forth in

the guidelines concerning the judge's statement of reasons for departure from the guidelines. Under *Coles* the trial judge is required to indicate the criteria considered in imposing sentence and the reasons which support the court's decision regarding the nature and length of punishment. *Coles, supra,* p 550. To some extent, it is probable that those reasons will be of a more general character than the reasons which justify a departure from the recommended minimum sentence range under the guidelines. Although departures are expected and encouraged, the justifications for the departure should be specific. Sentencing Guidelines Manual, Departure Policy, Ch 27.

One of the purposes of both the guidelines and the *Coles* articulation requirement is to facilitate appellate review of sentences. In order to achieve this goal, both statements should be made at the time of sentencing. Then, if there are any factual inaccuracies, an immediate response can be made. While a single statement of reasons in support of a particular sentence may satisfy both *Coles* and the guidlelines, that situation is not presented in this case. Here, the defendants' claim of error is not simply one of a technical omission but includes the claim that the judge based his departure from the guidelines on erroneous and inaccurate information. Because the judge's statement supporting the departure from the guidelines was not made at sentencing, but was mailed some time later, neither defendants nor their counsel had an opportunity to point out or explain the errors.

We find two of defendants' claimed inaccuracies warrant discussion. Defendants argue that the judge assumed their guilt of the charged offense of first-degree criminal sexual conduct and based his erroneous assumption on the fact that defendants "admitted penetration". While the investigator's

description of the offense set forth in the presentence report does indicate that the victims claimed penetration by the defendants, those statements cannot be used as admissions of the defendants. A defendant is entitled to be sentenced on the basis of accurate information. *People v Malkowski*, 385 Mich 244; 188 NW2d 559 (1971). To that end, when the defendant makes a claim at sentencing that the information provided to the judge, usually through the means of the presentence report, is inaccurate, the judge has the duty to respond to that claim. See *People v Edenburg*, 133 Mich App 255; 349 NW2d 151 (1983), and cases cited therein.

In the present case, because the trial court did not articulate its reasons for departing from the guidelines on the record, the defendants were prevented from clarifying, explaining, or denying the inaccurate statement. We do not hold that the defendants have the right to argue that the reasons, if accurate, are not sufficient to warrant departure. Rather, we only affirm the proposition that the defendants are entitled to be sentenced on the basis of accurate information and, therefore, are entitled to the opportunity to object to any factually inaccurate reasons given by the trial judge in support of his decision to depart from the guidelines.

As an additional basis for its departure from the guidelines, the trial court referred to the fact that both the granting of disciplinary credits (MCL 800.33; MSA 28.1403) and the application of the provisions of the Prison Overcrowding Emergency Powers Act (MCL 800.71 *et seq.;* MSA 28.1437 *et seq.)* could reduce the length of time actually served on the sentences. In determining the appropriate sentence, the trial court is required to evaluate and balance many factors. The end result of the discretionary process is a sentence tailored to

both the circumstances of the offense and the offender. *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973).

The sentencing court does not operate in a vacuum without consideration or concern for the actual effect of the sentence. While the court should be mindful of the ultimate effect of its sentence, we are troubled by the utilization of the legislatively authorized provisions for sentence credit or early release as a justification for increasing or augmenting a sentence. In the present case, the trial judge imposed the 17-year minimum sentence in anticipation, and with the expectation, that the defendants would serve only seven years. While the disciplinary credits may seem to be a "given" factor, the use of the early release provisions is not. It is only speculation and conjecture that the 90-day early release provision will continue to be implemented in the future and that it will be utilized with the same frequency and regularity. These computations served as one justification for the departure from the guidelines. Even though the trial judge stated that he resolved the uncertainties of those programs in defendants' favor, he imposed the 17-year minimum term in the belief that defendants would actually serve only seven years of imprisonment.

We do not base our decision to remand for resentencing solely on the ground that the trial court deviated from the guidelines by compensating for the good time or early release time authorized by the Legislature. Even without that consideration, a remand is required because of the trial court's stated reliance on inaccurate information.

Briefly, we address the remaining issues raised by the defendants. It is neither clearly erroneous nor improper for the trial court to consider the

defendants' lack of remorse in imposing sentence. *People v Gray,* 66 Mich App 101; 238 NW2d 540 (1975). We do not believe that the trial court's statement concerning his belief that defendants were not remorseful for the crimes is comparable to a consideration of a refusal to admit guilt. See *People v Stubbs,* 99 Mich App 643; 298 NW2d 612 (1980). Defendants did not refuse to admit their guilt for the offenses and nothing indicates that the court enhanced the sentences based upon such a refusal.

We reject outright defendants' claim that they are entitled to withdraw their pleas due to the trial judge's departure from the guidelines. They claim that the guidelines have, in effect, replaced prosecutorial sentence recommendations and that they pled guilty in expectation that the guidelines would be followed. Thus, because the judge departed from the recommended minimum range, they claim that their pleas were not knowingly and voluntarily made. We find defendants' analogy to *People v Killebrew,* 416 Mich 189; 330 NW2d 834 (1982), unpresuasive.

Although trial judges are required to utilize the guidelines in imposing sentence, there is absolutely no requirement that they adhere without exception to the recommended ranges. The guidelines are simply a tool designed to aid the court in its exercise of discretion. Departures are both permitted and encouraged. That option is clearly revealed in both the manual itself and the administrative order. Were we to accept defendants' position, sentencing would no longer be a discretionary task of the trial judge but would become a ministerial computation. Because the guidelines do not establish mandatory sentences, any expectation by the defendants that a specific sentence would be imposed is without basis. While trial

courts must use the guidelines, nothing prevents the judge from deviating as he deems necessary.

Because we are remanding these cases for resentencing, the claim by defendant Calvin that he was denied the effective assistance of counsel at sentencing is somewhat moot. Although counsel's failure to object to the trial court's failure to place his departure reasons on the record prevented defendant from objecting to the inaccurate statement, we now afford defendant that opportunity. On remand, defendants are entitled to the assistance of counsel at resentencing.

In summary, we hold that, in the event of a departure from the recommended minimum sentence range set forth in the Sentencing Guideline Manual, the trial court is required to state its reasons for its departure from the guidelines on the record. As with the articulation of reasons under *Coles,* the court should state its reasons orally on the record at the sentencing hearing. Merely placing the reasons on the SIR and filing the form in the court file, without informing the defendant of the reasons or allowing, as necessary, the defendant an opportunity to correct or explain any inaccuracy, is insufficient. Our holding is not designed to permit defendants the general right to object to the departure itself but is limited to objections to inaccurate information. This procedure would be analogous to that currently used in cases involving inaccuracies in the presentence reports. See *Edenburg, supra.*

Defendants are entitled to resentencing only and we find no basis for either reversing the convictions or allowing defendants the opportunity to withdraw their pleas. Nor do we find any evidence which indicates that the trial judge is biased or incapable of imposing a valid sentence. Thus, we remand for resentencing before Judge Thorburn.