PEOPLE v RICHARD JOHNSON

Docket No. 79332. Submitted September 5, 1985, at Lansing.—Decided November 5, 1985.

Richard Johnson pled guilty in Lenawee Circuit Court to a charge of delivery of less than 50 grams of heroin and was sentenced to a prison term of from 5 to 20 years. Application of the Sentencing Guidelines results in a recommended minimum term of from 12 to 24 months. Defendant appealed, claiming that resentencing is required because the trial court's departure from the Sentencing Guidelines constitutes an abuse of discretion such that it should shock the conscience of the Court of Appeals. *Held:*

Only the use, not the recommended sentence ranges, of the Sentencing Guidelines is binding on a sentencing judge. The trial court adequately explained its reasons for departing from the recommended range of the Sentencing Guidelines, and defendant's sentence is not one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it. The trial court did not abuse its discretion by departing from the guidelines.

Affirmed.

M. J. KELLY, J., concurred but wrote separately to state that the minimum sentence in this case is precisely 2-1/2 times greater than the highest recommended minimum sentence resulting from a correct application of the Sentencing Guidelines and that, while he agrees that defendant's sentence is not unduly harsh in this case, the application of mathematical proportions or percentages to increase the sentences recommended by the guidelines may very well result at some point in sentences which do shock the judicial conscience.

CRIMINAL LAW — SENTENCING GUIDELINES.

The use of the Sentencing Guidelines when imposing a sentence

REFERENCES FOR POINTS IN HEADNOTES

[1]Am Jur 2d, Criminal Law §§ 595-603.

Propriety of sentencing justice's consideration of defendant's failure or refusal to accept plea bargain. 100 ALR3d 834.

for an offense included in the guidelines is mandatory, but imposing a sentence based on the recommended ranges of the sentences is not; a judge may depart from the recommended minimum range for the reasons, and in the manner, prescribed by the guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Nathan T. Fairchild,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

*Gregory W. Grover,* for defendant on appeal.

Before: DANHOF, C.J., and M. J. KELLY and D. F. WALSH, JJ.

PER CURIAM. Defendant pled guilty to one count of delivery of heroin less than 50 grams, MCL 333.7401(1), (2)(a)(iv); MSA 14.15(7401)(1), (2)(a)(iv), in exchange for dismissal of two other counts of delivery of heroin less than 50 grams. Defendant has no criminal record. Application of the Sentencing Guidelines results in a recommended minimum term of from 12 to 24 months. Defendant was sentenced to prison for a term of from 5 to 20 years, with credit for time served.

Defendant claims that resentencing is required because the trial court's departure from the Sentencing Guidelines constitutes an abuse of discretion such that it should shock the conscience of this Court. We disagree, and affirm.

We have determined that only the use, and not the recommended sentence ranges, of the Sentencing Guidelines is binding on a sentencing judge. *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985). The authors of the Sentencing Guidelines acknowledge the nonbinding nature of the guidelines in the "Departure Policy". Sentencing Guidelines Manual, § 27, 5.

Our review of the record reveals that the trial court adequately explained its reasons for departing from the recommended range of the Sentencing Guidelines. The trial court was specifically concerned with the protection of society and deterrence of others. It noted that heroin traffic appeared to be back in Lenawee County despite efforts to stamp it out.

We find no abuse of discretion by the trial court's departure from the guidelines. Defendant's sentence is not "one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it". *People v Coles,* 417 Mich 523, 542-543; 339 NW2d 440 (1983).

Affirmed.

M. J. KELLY, J. *(concurring).* In this case, defendant received a minimum sentence precisely 2-1/2 times greater than the highest recommended minimum resulting from a correct application of the Sentencing Guidelines. The sentencing court justified its departure from the guidelines by pointing to the nature of the drug delivered and defendant's alleged involvement in two other similar offenses which were dismissed as part of the plea bargain. Both of these factors were already considered in the Sentencing Guidelines formula.

I agree that sentencing courts are not bound by the sentences recommended under the Sentencing Guidelines and may even depart from the recommended sentence on the basis of considerations already factored into the guidelines formula. On the other hand, I think that the Sentencing Guidelines should count for something, especially where, as here, the defendant has no prior criminal record. It appears to me that a minimum sentence of more than two times the highest recommended

minimum is a comfortable though arbitrary *sine qua non* for slamming the gate shut on Sentencing Guidelines departures. I am reluctant to go that route or invoke that formula in this case but I take this opportunity to forecast that a besieged conscience may be shocked in mathematical proportions or percentages in the future. At this point, I cannot say that my conscience is shocked by a minimum term of five years for the offense of delivering heroin.