PEOPLE v McLEOD

Docket No. 77955. Submitted November 15, 1984, at Grand Rapids.—
Decided March 28, 1985.

Defendant, David A. McLeod, was convicted, on his plea of guilty,
of voluntary manslaughter, Cass Circuit Court, Michael E.
Dodge, J., and was sentenced to 8 to 15 years imprisonment.
Defendant appealed, alleging improper application of the sen-
tencing guidelines. *Held:*

1. The sentencing guidelines are not subject to constitutional
scrutiny against claims of vagueness. They serve as a tool to
aid trial judges in the exercise of their discretion.

2. Despite the required use of the guidelines, trial courts
must still exercise their discretion when sentencing individual
defendants within the minimum ranges set out in the guide-
lines. Sentencing courts in their discretion may go outside the
guidelines where due to special circumstances or characteristics
of the defendant justice requires a sentence different than the
one provided, or where, regardless of special characteristics, the
court feels that the sentencing range is simply inappropriate.
Absent an abuse of discretion, a sentence imposed by a trial
court under the sentencing guidelines will not be overturned on
appeal.

3. The trial court did not abuse its discretion in applying the
guidelines.

Affirmed.

1. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — AP-
PEAL.

The sentencing guidelines are not subject to constitutional scru-
tiny against claims of vagueness; they serve as a tool to aid
trial judges in the exercise of their discretion and trial courts
must still exercise their discretion when sentencing individual
defendants within the minimum ranges set out in the guide-
lines.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*
Length of sentence as violation of constitutional provision prohibit-
ing cruel and unusual punishment. 33 ALR3d 335.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES — AP-
PEAL.

Sentencing courts in their discretion may go outside the sentenc-
ing guidelines where due to special circumstances or character-
istics of the defendant justice requires a sentence different than
the one provided, or where regardless of special characteristics
the court feels that the sentencing range is simply inappropri-
ate; absent an abuse of discretion, a sentence imposed by a trial
court under the sentencing guidelines will not be overturned on
appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Susan L. Dobrich,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for defendant on appeal.

Before: MACKENZIE, P.J., and V. J. BRENNAN and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant pled guilty to voluntary manslaughter, MCL 750.321; MSA 28.553. On March 2, 1984, he was sentenced in accordance with the Sentencing Guidelines Manual to a term of 8 to 15 years imprisonment. Defendant appeals as of right. His sole contention on appeal is that the trial court incorrectly applied the sentencing guidelines when imposing sentence.

Pursuant to Administrative Order No. 1984-1 of the Michigan Supreme Court, use of the Sentencing Guidelines Manual by circuit court judges when imposing sentence was made mandatory for a period of one year, effective March 1, 1984. 418 Mich lxxx (1984).

Despite the required use of the guidelines, trial courts must still exercise their discretion when

* Former circuit judge, sitting on the Court of Appeals by assign-
ment.

sentencing individual defendants within the minimum ranges set out in the guidelines. See Statement of Purpose, Michigan Sentencing Guidelines Manual. Further, under the guidelines' Departure Policy, Michigan Sentencing Guidelines Manual, Tab 27, sentencing courts in their discretion may go outside the guidelines where (1) due to special circumstances or characteristics of the defendant, justice requires a sentence different than the one provided, or (2) regardless of special characteristics, the court feels that the sentencing range is simply inappropriate. Absent an abuse of discretion, a sentence imposed by a trial court under the sentencing guidelines will not be overturned on appeal.

A defendant's due process rights concerning sentencing were recently discussed by our Supreme Court in *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Those rights include the right to be sentenced to an ascertainable term of punishment within statutory terms which do not constitute cruel or unusual punishment and the right to be sentenced on the basis of legally valid considerations. *Coles, supra,* p 542. As noted by the Court, further expansion of the scope of appellate review of sentencing is "a matter of public policy within [the] Court's power to adopt; it is not constitutionally required". *Coles, supra,* p 542. The sentencing guidelines, therefore, are not subject to constitutional scrutiny against claims of vagueness. As noted above, the sentencing guidelines serve as a "tool to aid trial judges in the exercise of [their] discretion * * *". Statement of Purpose, Guidelines, *supra.* They are not legislative mandates nor do they attempt to define criminal offenses.

We have examined defendant's allegations of

error along with the briefs and lower court record. We find no abuse of discretion. The guidelines were applied properly.

Affirmed.