PEOPLE v BROWN

Docket No. 82648. Submitted November 13, 1985, at Detroit.—Decided January 13, 1986.

Defendant, Earl H. Brown, was convicted by the Detroit Recorder's Court, Dalton A. Roberson, J., of breaking and entering an occupied dwelling with intent to commit unarmed robbery and criminal sexual conduct, unarmed robbery, and criminal sexual conduct in the first degree. The victim was a seventy-four-year-old single woman. Defendant's sentences were from 10 to 15 years, from 10 to 15 years, and from 66 to 99 years respectively. Defendant appealed. *Held:*

1. The trial court did not violate the state and federal prohibitions against double jeopardy by convicting and sentencing defendant on both the compound crime of criminal sexual conduct in the first degree and the predicate crimes of breaking and entering an occupied dwelling and unarmed robbery.

2. The trial court did not abuse its discretion in sentencing defendant to a term of from 66 to 99 years for criminal sexual conduct in the first degree, when the sentencing guidelines specified a term of from 10 to 20 years. It is within a sentencing court's discretion to go outside the guidelines where (1) due to special circumstances or characteristics of a defendant, justice requires a sentence different than the one provided, or (2) regardless of special characteristics, the court feels that the sentencing range is inappropriate.

Affirmed.

1. CRIMINAL LAW — BREAKING AND ENTERING — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — UNARMED ROBBERY — DOUBLE JEOPARDY.

Convictions in a single trial of both the compound crime of first-

REFERENCES

Am Jur 2d, Criminal Law §§ 183, 243 *et seq.*, 266, 525 *et seq.*

Solicitation to commit crime against more than one person or property, made in single conversation, as single or multiple crimes. 24 ALR4th 1324.

See also the annotations in the ALR3d/4th Quick Index under Sentence and Punishment.

degree criminal sexual conduct and the predicate crimes of breaking and entering an occupied dwelling and unarmed robbery are not barred by the double jeopardy provisions of either the United States or the Michigan Constitution.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing court, in its discretion, may go outside the sentencing guidelines where: (1) due to special circumstances or characteristics of a defendant, justice requires a sentence different than the one provided, or (2) regardless of special characteristics, the court feels that the sentencing range is inappropriate; the discretionary power of the court is a necessary corollary to the principle that sentencing must be individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Rosemary A. Gordon,* Assistant Prosecuting Attorney, for the people.

*Ted C. Farmer,* for defendant.

Before: GRIBBS, P.J., and HOOD and A. T. DAVIS,* JJ.

PER CURIAM. Following a bench trial in Detroit Recorder's Court on October 31, 1984, defendant was convicted of breaking and entering an occupied dwelling with intent to commit unarmed robbery and criminal sexual conduct, MCL 750.110; MSA 28.305, unarmed robbery, MCL 750.530; MSA 28.798, and first-degree criminal sexual conduct, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c). Defendant was sentenced on November 13, 1984, to a term of from 10 to 15 years for breaking and entering, from 10 to 15 years for unarmed robbery, and from 66 to 99 years for first-degree criminal sexual conduct. He now appeals.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

A recitation of the facts adduced at trial is instructive:

Mary Dzik, a seventy-four-year-old single woman, testified that she was living alone in her home in Detroit on the evening of March 26, 1984. At about 11:00 p.m. that evening, she was awakened by the the barking of her dog. A man, the defendant, was standing on her front porch. He demanded to be let into the house. She refused to let him in, saying that she would call her husband if he did not leave. He replied that he knew she lived alone. She then went to her telephone to call the police, but the telephone was dead. It was later discovered that the telephone lines to her house had been cut. While Ms. Dzik went to her telephone, defendant began breaking the glass on her front door. He eventually broke through the first door and crawled between security bars to get to a second door. As Ms. Dzik attempted to hold the second door, defendant kicked at it until the door frame gave way. When defendant entered the victim's home, he hit her on both sides of her face, knocking her to the floor. He then demanded all of her money. When she gave him her money, he began ripping at her underclothing. Defendant then took off his clothes, shoved Ms. Dzik onto a bed and pushed his penis into her vagina. The police arrived on the scene at about the same time.

When the police entered the home, they found the front door kicked in and clothes lying about the floor. Defendant was found hiding under a bed, wearing only a pair of blue undershorts.

Defendant testified that he did not commit any of the crimes of which he was convicted. Instead, defendant claimed that he had been minding his own business that evening, drinking wine and sharing some heroin with his friends. He further testified that he went to a store later in the

evening to get another bottle of wine. There, according to defendant, he was seized by the police, taken to Ms. Dzik's home and forced to lie on the kitchen floor, where the police then beat him into unconsciousness with their flashlights.

Defendant raises two issues: (1) whether the trial court violated the state and federal constitutional prohibitions against double jeopardy by convicting and sentencing him on both the compound crime of first-degree criminal sexual conduct and the predicate crimes of breaking and entering an occupied dwelling and unarmed robbery; and (2) whether the trial court abused its discretion in sentencing defendant to a term of from 66 to 99 years for first-degree criminal sexual conduct when the guidelines specified from 10 to 20 years for the offense.

Addressing defendant's first issue, the court based the criminal sexual conduct conviction on the compound provisions of MCL 750.520b(1)(c); MSA 28.788(2)(1)(c) and the predicate crimes of unarmed robbery and breaking and entering.

Defendant argues that the constitutional prohibition against double jeopardy precludes his conviction on both the compound crime of first-degree criminal sexual conduct and the predicate crimes of unarmed robbery or breaking and entering.

This very issue has recently been determined by the Michigan Supreme Court against defendant's position. *People v Robideau*, 419 Mich 458, 485, 487-489; 355 NW2d 592 (1984). We find no error as to this issue.

We also note that, in this case, an independent ground exists for finding defendant guilty of first-degree criminal sexual conduct, which is causing personal injury to the victim and use of force or coercion to accomplish sexual penetration. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f).

Turning to defendant's second issue, we note first that it is within a sentencing court's discretion to go outside the guidelines where (1) due to special circumstances or characteristics of a defendant, justice requires a sentence different than the one provided, or (2) regardless of special characteristics, the court feels that the sentencing range is inappropriate. *People v McLeod,* 143 Mich App 262; 372 NW2d 526 (1985).

The discretionary power of a trial court is a necessary corollary to the principle that sentencing must be individualized and tailored to the particular circumstances of the case and the offender at the time of sentencing. *People v Triplett,* 407 Mich 510, 515; 287 NW2d 165 (1980).

Here, defendant diliberately chose an elderly, single woman as his victim, then cut the telephone wires of her home. He then proceeded to kick at her door until it ultimately gave way, even as she struggled to hold the door against him. When he gained entry, defendant struck the victim, knocking her to the floor, even before he demanded her money. He then took all of her money and proceeded to rape her. Defendant's crimes were only interrupted by the arrival of the police on the scene.

The record reflects that the judge's sentencing decision was also based on the defendant's unrepentant arrogance and lying in court.

When the crime itself is this shocking, it is difficult to imagine a sentence which would shock the conscience of this court. *People v Coles,* 417 Mich 523, 550-551; 339 NW2d 440 (1983). This sentence certainly does not.

Affirmed.