PEOPLE v HOWELL

Docket No. 99360. Submitted December 15, 1987, at Lansing. Decided
      April 19, 1988.

    William C. Howell was convicted, on his plea of guilty, of break-
    ing and entering an unoccupied building with intent to commit
    larceny, Bay Circuit Court, William J. Caprathe, J. Defendant
    appealed, alleging that the trial court abused its discretion
    because the sentence imposed far exceeds the highest minimum
    recommended by the Michigan sentencing guidelines and that
    he was denied the right to meaningful allocution at sentencing
    because the trial court's interruptions caused a misinterpreta-
    tion of his remarks.

      The Court of Appeals *held:*

      1. A sentencing judge is permitted to depart from the recom-
    mended minimum ranges imposed by the sentencing guidelines
    where he follows the departure policy set forth in the guide-
    lines and states the reasons for such departure on the record.
    The judge's exercise of discretion in this regard will be re-
    viewed to determine whether the sentence imposed shocks the
    judicial conscience, and it is not an abuse of discretion for a
    judge to rely on some of the same factors already considered in
    the sentencing guidelines as a basis for departing from the
    recommended minimum sentencing range. The judge followed
    the proper procedure in deviating from the sentencing guide-
    lines, he considered properly relevant factors, and the sentence
    did not shock the judicial conscience.

      2. Defendant was given reasonable opportunity for personal
    allocution.

      Affirmed.

1. CRIMINAL LAW — SENTENCING.

    The goals of sentencing a wrongdoer are disciplining the wrong-
      doer, protecting society, reforming the offender and deterring
      others from similar behavior.

REFERENCES
Am Jur 2d, Criminal Law §§ 525 *et seq.*
See the Index to Annotations under Sentence and Punishment.

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

  A sentencing judge is permitted to depart from the recommended minimum ranges imposed by the sentencing guidelines where he follows the departure policy set forth in the guidelines and states the reasons for such departure on the record; the judge's exercise of discretion in this regard will be reviewed to determine whether the sentence imposed shocks the judicial conscience; it is not an abuse of discretion for a judge to rely on some of the same factors already considered in the sentencing guidelines as a basis for departing from the recommended minimum sentencing range.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson* and *Ralph C. Simpson*), for defendant on appeal.

Before: H. HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

PER CURIAM. Defendant William C. Howell pled guilty to breaking and entering an unoccupied building with intent to commit larceny, MCL 750.110; MSA 28.305. Defendant was sentenced to from 72 to 120 months in prison. He appeals his sentence as of right. We affirm.

Defendant contends (1) that the trial court abused its discretion because the sentence imposed far exceeds the highest minimum recommended by the Michigan sentencing guidelines and (2) that he was denied the right to meaningful allocution at sentencing because the trial court's interruptions caused a misinterpretation of his remarks. Defendant seeks resentencing before a different judge.

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

With regard to the period of incarceration, defendant urges this Court to implement a more effective appellate review of sentencing that would move beyond that which is the foundation for *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), so as to formulate standards which would not allow the trial court to exercise unfettered discretion in departing from the sentencing guidelines.

Defendant advocates that the *Coles* standard of "shock the conscience of the appellate court" is an imprecise measure for reviewing the propriety of a sentence and that there is need for a more definite standard for determining which sentences violate the principles underlying *Coles.* Defendant argues that this Court's review should be the same as determinate or guidelines sentencing schemes in other states, i.e., Minnesota and Florida, which require reasons for and impose limits to departure from the presumptive range, thereby allowing a more precise and rigorous review of the trial court's discretion when departing from the guidelines. Defendant's concern is that the Michigan guidelines scheme is essentially ineffective as an answer to disparity in sentencing because it allows uncontrolled discretion through departure and, thus, defeats the purpose of the guidelines.

At the very least, contends defendant, this Court should adopt the Minnesota standard which holds it improper for a sentencing court to use as a basis for departure the same facts relied upon in determining the presumptive sentencing in the guidelines. Under this standard, an upward departure would be appropriate only when the court identifies unusual and serious factors that have not been taken into account by the guidelines.

Accordingly, defendant claims that his sentence in the instant case was an abuse of discretion

because the reasons for departure were inadequate to justify a sentence three times the recommended sentence range and the departure was based on factors already considered in the guidelines, thereby amounting to "double scoring."

Prior to *Coles,* the law in Michigan was that the appellate courts had no control over punishment and, since the statute and case law gave discretionary power to the trial court, there would be no review of sentences. See *Cummins v People,* 42 Mich 142, 144; 3 NW 305 (1879). In *Coles, supra,* p 540, our Supreme Court expanded the role of appellate courts in reviewing sentences. However, *Coles* did not attempt to limit the Legislature's ability to set the method of sentencing, but rather provided for a review of the trial court's discretion when imposing a sentence.

The Court recognized that sentences should not be exactly alike:

> We are not prepared at present to decide whether disparity in sentencing may result from the different priorities of the community in which a defendant committed an offense. However, we do agree that the disparity in sentences which results from the consideration such as the race or economic status of a defendant or the personal bias and attitude of an individual sentencing judge is unjustified and impermissible. Unjustified disparities promote disrespect for the criminal justice system and resentment among prisoners, thus impairing their morale and motivation for rehabilitation. [*Coles, supra,* p 546.]

Thus, to aid the appellate review process, a trial court is required to articulate its reasons for sentencing a defendant. This allows a basis for a rational review of the sentence. The *Coles* Court also stated:

We next hold that an appellate court shall, upon a defendant's request in an appeal by right or in an appeal by leave granted, review a trial court's exercise of discretion in sentencing, but may afford relief to the defendant only if the appellate court finds that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court. [*Id.,* p 550.]

*Coles* did not negate all prior sentencing criteria; it merely reaffirmed the proper standard for the trial court to consider as set forth in prior cases, e.g., *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972). Our Supreme Court intended that the sentencing of a wrongdoer accomplish at least the goals articulated in *Snow, supra:* disciplining the wrongdoer, protecting society, fostering the reformation of the offender, and deterring others from committing like offenses. Thus, in articulating its reasons for sentencing a defendant, a trial court must balance the interest of the community and the interest of the defendant in the particular circumstances. *Coles* set the parameters and direction for review of a sentence:

The excessively severe sentence is one which far exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it. [*Coles, supra,* pp 542-543.]

The Court refined this more specifically to say that the appellate court may review the trial court's exercise of discretion but may afford relief *only* if the trial court abused its discretion to the extent that it shocks the conscience of the appellate court.

The *Coles* concepts are not intended to restrain discretion in sentencing—such discretion should

retain its time-honored position of eminence. *Coles* should be viewed as recognizing the need for review of sentencing but, in allowing review, fashioning a standard that was not meant to intrude on or circumscribe the firmly entrenched concept that punishment be left to the trial court's discretion. Such discretion is intricately intertwined with the principles underlying the individualizing of sentences embodied in Michigan case law. See, e.g., *People v McFarlin,* 389 Mich 557; 208 NW2d 504 (1973). The use of that discretion envisions only

> that the trial court state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed. [*Coles, supra,* p 550.]

As a further guide to assist the trial court and to facilitate appellate review, our Supreme Court ordered the use of the guidelines. The Guidelines Statement of Purpose provides, in pertinent part:

> The sentencing guidelines in this manual were developed by an advisory committee to reflect past sentencing practices of the state's trial judges. It is anticipated that there will be disagreements with the conclusions of the advisory committee. In such instances, the judges may wish to depart from the sentencing guideline ranges. Such departures are *encouraged* and, to improve the sentencing guidelines, when this occurs the judge is asked to specify the reasons for the departure. [Emphasis added.]

Thus, departure is encouraged as long as the trial court, in using its overall discretion, explains why justice requires a sentence outside the guidelines sentence range. See, e.g., *People v Ridley,* 142 Mich App 129; 369 NW2d 274 (1985); *People v*

*Kenneth Johnson,* 144 Mich App 125; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985).

Unlike the guidelines and presumptive range sentencing schemes in the other states that defendant asks this Court to follow, Michigan's guidelines, consistent with the Michigan tradition of latitude in the discretion exercised by the trial court to determine punishment, were promulgated on a different structure.[1] Unless and until the Legislature or our Supreme Court removes this authority of trial court discretion in every case and every crime by mandating the sentence to be imposed, defendant's proffered alteration to the present sentencing structure would be an unwarranted encroachment that would seriously circumscribe the trial court's discretion in sentencing.[2] See *People v Diamond,* 144 Mich App 787; 376 NW2d 192 (1985), lv den 424 Mich 894 (1986); *People v Brown,* 150 Mich App 168; 388 NW2d 249 (1986).

Thus, we are not persuaded that the facts and circumstances of the instant case merit a change in or a different application of the present standard of review.

An appellate court can, as in the instant case, look at the trial court's determination, the reasons used to sentence the defendant, the crime that was committed and, the position of the defendant and, under these circumstances, make a determination

[1] Moreover, defendant's argument for a standard of "more rigorous review" of a guidelines departure seems, in its practical application, to apply only to upper departure from the recommended range. By implication, would the same rigorous review apply to downward departure and, if so, would a prosecutor or victim have the right to appellate review?

[2] What becomes readily obvious in defendant's argument for a quantitative standard to test for an abuse of discretion is the impossibility of structuring or fashioning a sentence formula that would incorporate and consolidate the myriad factors that enter into a sentencing decision.

as to whether, in fact, it is a sentence that does or does not shock the conscience. An appellate court can also make a determination as to whether a particular sentence is one that is unreasonable under the circumstances and one which people would or would not expect because of the type of offense and the offender. In looking at all of the criteria and the rationale established through *Coles,* it is quite obvious that there is a reviewable standard.

Moreover, the trial court did not abuse its discretion in imposing a sentence three times that recommended by the guidelines range in this case. The reasons articulated by the trial court were consistent with *Coles* and do not demonstrate an abuse of discretion that amounts to lack of reason or defiance of judgment.

The following comments from the record well document compliance with the articulation of reasons requirement:

> All right. The Court has reviewed the presentence investigation report. I do note that the defendant broke into a gas station and stole numerous items of cigarettes and things of that nature that were to be sold, and then he stole from the Center Road Bar, 655 [sic] in cash. I think, to me, it's the defendant's record that is the most disturbing, both the very extensive juvenile record and— and he also has an extensive felony record, and he's only 22 years old. And he's committed B and E's before; as a matter of fact, he was on parole for the same kind of conduct.
>
> * * *
>
> Well, I'm gonna help you with this sentence learn that lesson. Because it's gonna be, in your mind, knowing that you commit crimes, then you're gonna possibly have to do every bit of time that the statute allows because of the record and the trail that you've left behind you; and because

of the activity that you have with respect to the particular offense. I think that in order to protect society from your decisionmaking, your poor adjustment on parole and probation, and upon your emotional problems that you've had in the past, and your substance abuse problem; and the fact that jail sentences haven't worked, and prison sentences haven't worked, and parole hasn't worked, I think that the only way to reach you with some certainty is to let you know that you're gonna pay the full consequences of your actions.

*  *  *

All right, well, in view of the factors that I've indicated, I believe I'm gonna vary from the guidelines. The guideline minimum is two years, 6 to 24 months. I believe, because his record is worse than that reflected in the guidelines—in other words, there is not enough points to reflect that his juvenile record and his adult record. Secondly, I think that the status, one point isn't enough that's given in the guidelines. The fact that he was on parole for the same exact type of offense as the one that he committed at this time, I think he deserves more than just the one point. Thirdly, I think that he has had other prior parole problems which are indicated in the report and which are not given points for. Fourthly, there are no points for his mental, emotional problems in the past and his intense substance abuse problems that have not been able to been dealt with up to this point, and are not given any points in the guidelines.

As previously discussed, a trial court may deviate from the guidelines as long as it articulates the reasons for departure. *People v Terry James,* 142 Mich App 19, 21; 368 NW2d 892 (1985). When a court exercises its discretion and deviates from the guidelines, the exercise of that discretion is reviewed under the *Coles* standard of whether the sentence imposed shocks the judicial conscience. *People v Kenneth Johnson, supra; People v Glover,*

154 Mich App 22, 45; 397 NW2d 199 (1986); *People v McLeod,* 143 Mich App 262, 264; 372 NW2d 526 (1985). Moreover, it is not error for the trial court to consider factors already considered by the guidelines. *People v Ridley, supra,* and *People v Kenneth Johnson, supra,* p 137.

Here, the trial court properly articulated its reasons for departing from the guidelines on the record and considered appropriate sentencing criteria. *People v Smith,* 152 Mich App 756, 765; 394 NW2d 94 (1986), lv den 426 Mich 877 (1986). Having considered the *Coles* standard and the guidelines, we conclude that defendant's sentence did not constitute an abuse of discretion.

Defendant also contends that he was denied the right of meaningful allocution because the trial court's interruptions at sentencing allegedly caused the court to misinterpret defendant's remarks and prevented defendant from fully explaining his statements. This, says defendant, resulted in the court's having the mistaken impression that he had an unrepentant attitude, suggesting that a harsher sentence was the result of his exercise of the right of allocution. We find no record support for this claim.

Defendant correctly states the well-settled historic right of allocution embodied in MCR 6.101(G)(2) and case law, see, e.g., *People v Berry,* 409 Mich 774; 298 NW2d 434 (1980), and *People v Malkowski,* 385 Mich 244; 188 NW2d 559 (1971). However, the sentencing record shows that defendant was given more than a reasonable opportunity for personal allocution. On two occasions, defendant was specifically allowed the opportunity to advise the court of circumstances he wanted the court to consider in imposing sentence and, on several other occasions, defendant was allowed to

interrupt the sentencing procedure with additional comments.

Although the record indicates that defendant was not very articulate and had a problem phrasing some concerns, the overall record does not support his contention that he was not permitted to fully explain his concerns relevant to sentencing. For example, defendant made the remark that the situation of a prior conviction for breaking and entering where he was found in the building passed out from drinking "was a real joke." The court may have interpreted this to mean that defendant's remark was about the conviction and sentence: "The 18 to—months to 10 years didn't even affect you; as you said, it was a joke to you. . . ." Defendant then explained that what he meant was that, on reflection, the behavior of being drunk and committing the crime where he passed out was a joke. Thus, defendant had the opportunity to explain his concerns, and the record does not support defendant's claim that the court relied upon a misinterpretation of his statements as a basis for the sentence.

Thereafter, the court sentenced defendant consistent with criteria peculiar to the history and status of this individual. Defendant has no right to have the trial court impose sentence according to his directions.

Since this Court is without reason to remand for resentencing, defendant's request for resentencing before a different judge need not be addressed.

Affirmed.