PEOPLE v GOOD

Docket No. 78285. Submitted November 20, 1984, at Lansing.—Decided March 5, 1985.

Mark W. Good was convicted, on his plea of guilty, of breaking and entering an unoccupied dwelling with intent to commit larceny, Lapeer Circuit Court, Norman A. Baguley, J. The plea was the result of an agreement in which the original charge of breaking and entering an occupied dwelling was reduced and a supplemental information was dismissed. Defendant was sentenced to a prison term of six to ten years. He appealed, alleging that the trial court erred by failing to specify the reasons for imposing a sentence greater than that recommended by the Supreme Court sentencing guidelines and by using the plea bargain as a factor in imposing the more severe sentence. *Held:*

1. The trial court was not required to state specifically on the record the reasons for departing from the sentencing guidelines where, as here, the reasons were set forth on the sentence information report form and filed as part of the trial court record.

2. The trial court did not use the plea bargain as a means of imposing a more severe sentence. The court permissibly considered the facts of the crime as one of the bases for the sentence imposed.

Affirmed.

1. Criminal Law — Sentencing — Sentencing Guidelines — Departure from Sentencing Guidelines.

A trial court, when imposing a sentence upon a defendant which departs from the recommendations contained in the sentencing guidelines promulgated by the Supreme Court, need not specifically state on the record the reasons for departure from the recommendations; it is sufficient if the reasons are set forth on the sentence information report form which is filed in the trial

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law § 525 *et seq.*

[2] Court's right, in imposing sentence, to hear evidence of, or to consider, other offenses committed by defendant. 96 ALR2d 768.

court record whenever a departure is made from the recommendations.

2. CRIMINAL LAW — SENTENCING — PRIOR CRIMINAL CONDUCT — PRIOR CONVICTIONS.

A trial court, in sentencing a defendant, may give consideration to criminal conduct that did not result in conviction, so long as the information is accurate.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Nick O. Holowka,* Prosecuting Attorney, for the people.

*Richard D. Sullivan,* for defendant on appeal.

Before: J. H. GILLIS, P.J., and CYNAR and C. L. BOSMAN,* JJ.

PER CURIAM. Defendant, convicted on his plea of guilty of breaking and entering an unoccupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305, was sentenced to a term of six to ten years imprisonment and appeals his sentence as a matter of right.

Defendant committed this offense while on furlough status from the Michigan Department of Corrections. His plea resulted from a plea bargain wherein the prosecuting attorney agreed to reduce the original charge of breaking and entering an occupied dwelling, a 15-year maximum offense, to breaking and entering of an unoccupied dwelling, a 10-year maximum offense. Additionally, the prosecutor agreed to dismiss a supplemental information charging the defendant as a third felony offender, MCL 769.11; MSA 28.1083. The supplemental information would have had the effect, if conviction resulted, of doubling the maximum possible sentence.

Defendant assigns two claims of error to the

* Circuit judge, sitting on the Court of Appeals by assignment.

sentencing procedure. Defendant first claims that the trial court failed to comply with the Michigan Supreme Court sentencing guidelines requirement that requires the judge to specify reasons for departure from the sentencing guidelines. The sentence range of the guidelines was 12 to 30 months, considerably less than the 72 to 120 months imposed by the judge. Defendant argues that the trial judge did not specify the reasons for the departure and, therefore, the case should be remanded for proper sentencing. This Court does not agree.

The sentencing guidelines contain a statement of purpose which in part reads as follows:

"Sentencing guidelines are intended to assist the sentencing judge charged with the very difficult duty of imposing sentence.

*    *    *

"* * * It is anticipated that there will be disagreements with the conclusions of the advisory committee. In such instances, the judge may wish to depart from the sentencing guideline ranges. Such departures are encouraged and, to improve the sentencing guidelines, when this occurs the judge is asked to specify the reasons for the departure."

Accompanying the guidelines manual is a multiple copy form entitled "Sentencing Information Report", which each circuit court and recorder's court judge is required to fill out when imposing a sentence for an offense that is included in the guidelines. Near the bottom of the form is an area entitled "Departure: (Above/Below) Please Specify Reasons:".

In filling out the sentencing information report in the area designated "Departure" the trial court stated "Subject on furlough from prison when crime committed. Also, offense reduced from 15

years to 10 years for plea bargaining purposes."
Thus, the trial court did explain its reasoning for
departure. A copy of this form was filed with the
court record.

Section 27 of the sentencing guidelines manual,
paragraph 3, states in part:

"Departure reasons must be placed on the record and
on the sentencing information report (SIR)."

In providing for appellate review of the sentencing
process the Supreme Court in *People v Coles,* 417
Mich 523, 549; 339 NW2d 440 (1983), required a
trial court to articulate on the record its reasons
for imposing the sentence. The sentencing judge in
this case stated the reasons on the record but did
not specifically articulate why he was departing
from the sentencing guidelines. We do not believe
the sentencing guidelines manual requires the
sentencing judge to specifically articulate on the
record at the sentencing why departure is made
from the recommendations of the sentencing man-
ual. The departure requirements are accomplished
when set forth in the sentencing information re-
port form and filed as a part of the court record.

Defendant's second claim of error is that the
trial judge committed error by using defendant's
plea bargain as a factor in issuing a more severe
sentence than that suggested by the sentencing
guidelines. The defendant argues that plea bargain
is constitutionally permissible, that he has not
been found guilty of the greater offense and that
the trial court erred in using the plea bargaining
agreement as a reason for issuing a more severe
sentence.

This Court disagrees. The record at sentencing
reveals that the judge did not use the plea bar-

gaining as a means of imposing a greater sentence but rather considered the facts of the crime as one of the bases for determining the sentence. This Court has ruled that the trial court can give consideration to criminal conduct not resulting in conviction, so long as the information is accurate. *People v Moore,* 70 Mich App 210; 245 NW2d 569 (1976). This Court finds no error.

Affirmed.