PEOPLE v KRAUSS

Docket No. 86911. Submitted September 30, 1986, at Marquette. Decided December 2, 1986.

John J. Krauss, Jr., was convicted of two counts of criminal sexual conduct in the second degree following a bench trial in Macomb Circuit Court, James D. Daner, J. Defendant was sentenced to a prison term of from ten to fifteen years on each count. Defendant appealed.

The Court of Appeals held:

1. The criminal sexual conduct bill was enacted in accordance with the constitutional mandates relative to the length of time a bill must be in the hands of a house of the Legislature and the reading of the bill.

2. While the trial court articulated at the sentencing hearing the reasons it felt that the sentences imposed were proper under the circumstances, the court did not at that hearing specifically articulate that those same reasons also required departure from the minimum sentence determined under the sentencing guidelines. The failure of the court to specifically indicate that the reasons for the length of the sentence imposed also necessitates a departure from the sentencing guidelines does not, however, mandate resentencing.

Affirmed.

1. CONSTITUTIONAL LAW — CRIMINAL SEXUAL CONDUCT — STATUTES.

The criminal sexual conduct act was enacted in accordance with the constitutional mandates relative to the length of time a bill must be in the hands of a house of the Legislature and the reading of the bill (Const 1963, art 4, § 26; MCL 750.520a et seq.; MSA 28.788[1] et seq.).

2. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

A sentencing court may go outside the sentencing guidelines

REFERENCES

Am Jur 2d, Constitutional Law §§ 150 et seq.

Am Jur 2d, Criminal Law §§ 580 et seq., 595.

Construction of federal statute (28 USC § 2255) dealing with vacation, by direct attack, of sentence in criminal case on ground that it violated Constitution or laws, or exceeded jurisdiction, or is otherwise subject to collateral attack. 20 ALR2d 976.

·   where special circumstances or characteristics of the defendant demand such departure or where the sentencing range, in the opinion of the sentencing judge, is inappropriate.

3. CRIMINAL LAW — SENTENCING — SENTENCING GUIDELINES.

Resentencing is not mandated where the sentencing court at the time of sentencing articulates its reason for imposing the sentence but fails to specifically indicate that those same reasons require departure from the sentencing guidelines.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Donald L. Milbourn,* Chief Appellate Attorney and *Edward L. Graham,* Assistant Prosecuting Attorney for the people.

*Peter B. Henderson,* for defendant.

Before: ALLEN, P.J., and CYNAR and R. C. LIVO,* JJ.

CYNAR, J. Defendant was found guilty after a bench trial of two counts of criminal sexual conduct in the second degree, MCL 750.520c; MSA 28.788(3). A third count was dismissed for lack of jurisdiction. He was sentenced to prison for not less than ten nor more than fifteen years on each of the counts, the sentences to run concurrently.

Defendant was accused of sexually molesting three young boys. The boys' parents were recently divorced and the father had rented a room in defendant's house. He became friends with defendant, and the children often visited there. The boys' mother learned from her sons about the sexual assaults.

The two older boys were twins and were both ten years old at the time of the incidents. One boy testified that, when he was alone with defendant, defendant would touch him around the crotch, on

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the penis and on the buttocks, both through his clothes and under his clothes. Defendant also hugged and kissed him, and, on one occasion, defendant took the boy's hand to squeeze defendant's penis. These incidents happened more than ten times.

The other twin testified that several times defendant touched him on the crotch and buttocks through his clothes. On one occasion defendant touched him underneath his clothes. He told the court that defendant would kiss him on the neck and say he loved him.

The youngest son was eight years old at the time of the incidents. He testified that he was alone with defendant in a van on a trip up north when defendant touched his crotch through his clothes and kissed him on the lips. The trial court agreed with defendant that venue was not proved on this count and dismissed it.

The court found defendant guilty as charged on Counts I and II.

Defendant raises two issues on appeal. First, he contends that the act incorporating the criminal sexual conduct provisions was not duly enacted in accordance with Const 1963, art 4, § 26. Defendant maintains that the bill was not held in the Senate for five days or read three times before passage as required.

This issue was raised and rejected in *People v Clopton,* 117 Mich App 673; 324 NW2d 128 (1982). The House and Senate records show that the bill, in its original and substitute versions, was read before the Senate at least three times and was in possession of the Senate for more than five days as required.

Next, defendant contends that the trial court erred by not stating on the record the reasons for departing from the sentencing guidelines. During

sentencing the trial judge noted that the crime left an indelible mark on the young boys and greatly upset the boys' parents. Further the court stated that, although defendant had an illness, the Legislature imposed a severe sanction on his actions. The court commented that defendant had prior convictions and had not learned his lesson. The trial judge also noted that defendant's past efforts to control his behavior had failed. Then the court sentenced defendant to not less than ten nor more than fifteen years on each count, the sentences to be served concurrently. The minimum sentence recommended by the sentencing guidelines was twenty-four to forty-eight months.

On the departure section of defendant's Sentencing Information Report the trial judge noted the seriousness of the offense and its effect on the victims. He concluded that for these reasons the guidelines were too lenient.

At no time before the judge announced defendant's sentences did he specifically state that he was not following the guidelines, although the departure reasons given on the SIR were the same reasons given for sentencing. The issue is whether the trial court must not only give his reasons for sentencing, but also must state that the reasons impel him to depart from the guidelines.

A sentencing court may go outside the guidelines range where (1) special circumstances or characteristics of the defendant demand such a departure, or (2) the sentencing range is, in the opinion of the sentencing court, inappropriate. *People v McLeod,* 143 Mich App 262; 372 NW2d 526 (1985). The procedure to be followed to depart from the guidelines is set out in the departure policy section of the guidelines: "Departure reasons must be placed on the record and on the Sentencing Information Report (SIR)." Michigan

Sentencing Guidelines Manual, Tab 27, ¶ 3. The manual indicates that these articulation requirements are necessary to improve the guidelines.

This Court in *People v Good,* 141 Mich App 351; 367 NW2d 863 (1985), held that the sentencing guidelines manual did not require the sentencing judge to specifically articulate on the record at the sentencing why departure was made. According to *Good,* setting forth the reason in the SIR fulfilled the manual's requirements. In contrast, another panel of this Court has held that the judge must state on the record his reasons justifying departure from the guidelines and that articulation of these reasons on the SIR alone did not satisfy the on-the-record requirement. *People v Fleming,* 142 Mich App 119; 369 NW2d 499 (1985), lv gtd 424 Mich 877 (1986). *Fleming* held that departure reasons should be made at the sentencing hearing so that inaccuracies could be addressed by the defendant.

In the instant case, the judge gave the same reasons for departure on the SIR as he gave for the sentences during the sentencing hearing. Thus, the defendant had a full opportunity to correct any misinformation or inaccuracies that the judge was relying on in sentencing. The instant case is a very different situation than *Fleming* where the trial judge merely read off the defendant's prior convictions at the sentencing hearing but gave an explanation for departure on the SIR. Here the judge gave the same reason on the SIR that he gave at the sentencing hearing, he simply failed to note at the hearing that the reasons for the sentence length necessitate a departure form the guidelines. We hold such articulation on the record fulfills the departure policy requirements.

Affirmed.