PEOPLE v SALGAT

Docket No. 89654. Submitted September 7, 1988, at Lansing. Decided
     December 20, 1988.

Eugene Sam Salgat pled guilty to unarmed robbery, Tuscola
     Circuit Court, Patrick R. Joslyn, J. Sentence was delayed for
     one year under an agreement requiring defendant, during the
     period of delay, to abstain from consuming alcohol and refrain
     from violating any criminal laws. At the time set for sentenc-
     ing, the trial court learned that defendant may have violated
     some of the conditions of the delayed sentencing agreement. A
     hearing was subsequently conducted, following which the trial
     court found that defendant had consumed alcohol on several
     occasions and, on one occasion, had been arrested and charged
     with operating a motor vehicle while under the influence of
     liquor, although the charge had subsequently been dismissed.
     The trial court thereafter sentenced defendant to a prison term
     of 7½ to 15 years. Leave to file a delayed appeal was granted to
     defendant by the Court of Appeals.

     The Court of Appeals *held:*

     1. The purpose of a delayed sentence is to give the defendant
     an opportunity to demonstrate that he can fairly be placed on
     probation rather than be sentenced to prison. A trial court may
     impose conditions and restrictions with which the defendant
     must comply during the period of the delay, so long as the
     restrictions are designed to help the court determine whether
     probation will ultimately be appropriate.

     2. The sentence ultimately imposed under a delayed sentenc-
     ing agreement should be based upon all of the circumstances of
     the defendant's background, including the defendant's failure
     to comply with the conditions and restrictions imposed in
     conjunction with the sentence delay. The trial court may also

REFERENCES

Am Jur 2d, Appeal and Error § 867; Criminal Law §§ 557 *et seq.*,
     588, 984 *et seq.*

Modern status of rules and standards in state courts as to adequacy
     of defense counsel's representation of criminal client. 2 ALR4th
     27.

State court's power to place defendant on probation without imposi-
     tion of sentence. 56 ALR3d 932.

consider other criminal activity for which no conviction resulted, including dismissed charges, provided that the defendant is given an opportunity for refutation and the information is accurate.

3. The trial court in this case articulated its reasons for the sentence imposed and the sentence does not shock the conscience of this Court.

4. Defendant's claim of ineffective assistance of trial counsel was not supported by the record of the proceedings below.

Affirmed.

KELLY, J., dissented and would remand for a resentencing before a different judge, stating that the record indicates that the judge in this case lost his objectivity upon learning that defendant had consumed alcohol. Judge KELLY also finds the sentence imposed to be shocking to his judicial conscience.

1. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

The purpose of a delayed sentence is to give the defendant an opportunity to demonstrate that he can fairly be placed on probation rather than be sentenced to prison; the trial court may impose conditions and restrictions with which the defendant must comply during the period of the delay, so long as the restrictions are reasonably designed to help the court determine whether probation will ultimately be appropriate (MCL 771.1[2]; MSA 28.1131[2]).

2. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

A sentence imposed after the expiration of a period for delayed sentencing should be based upon all of the circumstances of the defendant's background, including any failure to comply with the conditions and restrictions imposed in conjunction with the sentence delay (MCL 771.1[2]; MSA 28.1131[2]).

3. CRIMINAL LAW — SENTENCING — DELAYED SENTENCING.

A defendant is not entitled to a hearing on the question whether he violated a condition of his delayed sentencing agreement; in imposing the delayed sentence the court may consider other criminal activity by the defendant for which no conviction resulted, including dismissed charges, provided that defendant is given an opportunity for refutation and the information is accurate (MCL 771.1[2]; MSA 28.1131[2]).

4. CRIMINAL LAW — SENTENCING — APPEAL.

A trial court has wide discretion when imposing sentence, but must, at the time of sentencing, articulate on the record its reasons for imposing the sentence given; the trial court may

deviate from the recommendations of the sentencing guidelines where it states reasons for the departure; the trial court's exercise of sentencing discretion will not be disturbed on appeal unless the sentence imposed shocks the judicial conscience.

5. Criminal Law — Sentencing.

The reformation of the defendant, the protection of society and the need to deter others from committing like offenses are all proper considerations at sentencing.

6. Criminal Law — Assistance of Counsel.

A defendant who claims ineffective assistance of counsel must overcome a strong presumption that counsel's assistance was effective and show that (1) counsel made errors so serious and outside the realm of sound trial strategy that counsel was not truly functioning as "counsel" under the Sixth Amendment and (2) counsel's performance prejudiced the defendant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William D. Boyd,* Prosecuting Attorney, and *Tonatzin Alfaro Garcia,* Assistant Attorney General, for the people.

Eugene S. Salgat, in propria persona.

Before: Danhof, C.J., and Kelly and Beasley, JJ.

Beasley, J. On March 6, 1984, defendant, Eugene Sam Salgat, pled guilty to a charge of unarmed robbery, in violation of MCL 750.530; MSA 28.798. Pursuant to a plea agreement, the prosecutor agreed to the dismissal of a charge of armed robbery. On July 2, 1984, the trial court ordered a delay in the imposition of sentence for a period of one year, pursuant to MCL 771.1(2); MSA 28.1131(2). Defendant was ordered to comply with certain conditions and restrictions in conjunction with the delay of sentence, including, inter alia: (1) defendant was ordered to abstain from all alcohol

consumption;[1] (2) defendant was ordered to report to a probation officer monthly; and (3) defendant was ordered to refrain from violating any criminal laws. On April 28, 1985, defendant was arrested on a charge of operating a motor vehicle while under the influence of alcohol, but apparently that charge was subsequently dismissed. On May 20, 1985, defendant appeared before the trial court for imposition of sentence on the robbery charge. In view of alleged violations of the conditions of the delayed sentence, the trial court decided to hold a hearing on whether defendant had been drinking and driving. On May 23, 1985, the hearing took place. The trial court found that there was evidence supporting the allegation that defendant had consumed alcohol during the delay's interim and, further, that there was evidence supporting the allegation that defendant had engaged in drunk driving. The trial court then sentenced defendant to serve not less than 7½ years nor more than 15 years in prison. Leave to file a delayed appeal was granted by this Court to defendant on September 28, 1987.

Defendant first contends that, following the May 23 "Probation Violation Hearing,"[2] the trial court improperly considered defendant's drunk driving arrest in imposing sentence and, effectively, made an independent finding of guilt on that charge.

The purpose of a delayed sentence is to give the

---

[1] While this restriction was amply articulated by the trial court at the proceedings on July 2, and defendant, there, affirmatively expressed his comprehension of it, it was not included in the written order of delay of sentence. Whether a restriction not included in the written order on activities not otherwise unlawful binds a defendant so as to render its violation, standing alone, a valid sentencing enhancement consideration, is an issue we need not discuss today since, as discussed *infra,* defendant was also found to have violated one of the restrictions expressly stated in the order.

[2] The transcript of the hearing is entitled "Probation Violation Hearing," however, as discussed *infra,* this is a misnomer—defendant had not been placed on probation.

defendant an opportunity to demonstrate that he can fairly be placed on probation rather than be sentenced to prison.[3] The trial court may impose conditions and restrictions with which the defendant must comply during the period of the delay, so long as the restrictions are reasonably designed to help the court determine whether probation will ultimately be appropriate.[4] The imposition of such conditions or restrictions should not be confused with a sentence of probation, even though they are similar to those associated with probation.[5] Thus, a delayed sentence means that no sentence is initially imposed, and the charge against the defendant remains pending.[6]

The sentence ultimately imposed should be based upon all of the circumstances of the defendant's background. Among the factors to be considered in sentencing is the defendant's failure to comply with the conditions and restrictions imposed in conjunction with the sentence delay.[7] The defendant, generally, has no right to a formal hearing on the issue whether he did, in fact, violate a condition of the delayed sentencing arrangement.[8] Further, when it comes to sentencing, the trial court may consider other criminal activity for which no conviction resulted, including dismissed charges, provided that the defendant is given an opportunity for refutation and the information is accurate.[9] Additionally, the court may

---

[3] *People v Cannon,* 145 Mich App 100, 103; 377 NW2d 354 (1985).

[4] *People v Clyne,* 36 Mich App 152, 154-155; 193 NW2d 399 (1971).

[5] *People v Leonard,* 144 Mich App 492, 495; 375 NW2d 745 (1985); *People v Hacker,* 127 Mich App 796, 799; 339 NW2d 645 (1983).

[6] *Hacker, supra,* p 799.

[7] *People v Saylor,* 88 Mich App 270, 275; 276 NW2d 885 (1979).

[8] *People v Coleman,* 130 Mich App 639, 642; 344 NW2d 30 (1983); *Saylor, supra,* p 274.

[9] *People v Wiggins,* 151 Mich App 622, 625; 390 NW2d 740 (1986); *People v Good,* 141 Mich App 351, 355; 367 NW2d 863 (1985).

consider the defendant's admissions in sentencing.[10]

In the within case, the trial court held a separate hearing on whether defendant had operated a motor vehicle under the influence of alcohol on April 28, 1985, or consumed alcohol during the interim of the sentencing delay. At the hearing, defendant admitted to having consumed brandy "on a couple of occasions" and to having consumed approximately twenty ounces of wine on April 28 —this after previously denying under oath any alcohol consumption. Further, there was evidence that defendant had, on April 28, a 0.19 percent blood-alcohol level, and that defendant had failed field sobriety tests at the scene of his drunk driving arrest. In light of these revelations, the trial court was justified in finding that defendant had violated the conditions of the delayed sentencing arrangement. These violations were proper sentencing considerations.

Defendant also contends that the presentence report's reference to his arrest for drunk driving was improperly used in sentencing and denied him of his due process right to a fair trial. We find this contention to be without merit. As discussed above, the trial court may consider other criminal activity for which no conviction resulted where that information appears accurate, and defendant was given an opportunity for refutation.[11]

Defendant next contends that a sentence of 7½ to 15 years is so excessive as to shock the judicial conscience. We disagree. A trial court has wide discretion in imposing sentence.[12] However, *People*

[10] *People v Butts,* 144 Mich App 637, 641; 376 NW2d 176 (1985), lv den 424 Mich 860 (1985).

[11] See *Wiggins, supra,* p 625; *Good, supra,* p 355.

[12] *People v Collier,* 105 Mich App 46, 52; 306 NW2d 387 (1981), lv den 414 Mich 955 (1982).

*v Coles*[13] requires that the trial court, at the time of sentencing, articulate on the record its reasons for imposing the sentence given. Further, the trial court may deviate from the guideline recommendations where it states reasons for the departure.[14] When a trial court exercises its sentencing discretion, the standard of review is whether the sentence imposed shocks the judicial conscience.[15]

In the within case, the trial court articulated and placed on the sentencing information report the following reasons for the sentence imposed:[16] (1) defendant's potential for reformation was low, the sentencing delay gave him a chance to turn his life around, but he botched the opportunity; (2) the need to deter others from committing robberies; and (3) the protection of society. Reformation, deterrence and the protection of society are all proper sentencing considerations.[17] In light of these considerations, we believe the sentence imposed was justified. This sentence does not shock our conscience.

Defendant's final claim is that he was denied effective assistance of counsel, in violation of the United States and Michigan Constitutions. Specifically, defendant points to defense counsel's failure to object to (a) the trial court's "vindictive tone" during the hearing on whether defendant had violated the conditions of the delayed sentencing arrangement, (b) defendant's being "sentenced" for substance abuse rather than for unarmed robbery, (c) the trial court's consideration of the drunk

---

[13] 417 Mich 523, 549-550; 339 NW2d 440 (1983).

[14] *People v Howell,* 168 Mich App 227, 235; 423 NW2d 629 (1988).

[15] *Id.,* pp 235-236.

[16] *People v Krauss,* 156 Mich App 514, 518; 402 NW2d 49 (1986) (such an articulation is procedurally sufficient regarding guideline departure).

[17] *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972).

driving charge at sentencing, and (d) the severity of the sentence imposed.

The test, under both the Michigan and United States Constitutions, is whether: (1) counsel made errors so serious and outside the realm of sound trial strategy that counsel was not truly functioning as "counsel" under the Sixth Amendment; and (2) counsel's performance prejudiced the defendant.[18] There is a strong presumption of effective assistance of counsel.[19]

Our review of the transcript below reveals no vindictive tone on the part of the trial court which would warrant reversal, nor any sentence for substance abuse. Thus, we do not find any basis for defendant's claim that his counsel should have made these objections in the trial court. Nor do we find error in the failure of defense counsel to object to the use of the drunk driving incident at sentencing or to the severity of the sentence imposed in the trial court hearing. Defendant has not established that he did not receive effective assistance of counsel.

Affirmed.

DANHOF, C.J., concurred.

KELLY, J. (dissenting). I would set aside the sentence and remand to a different circuit judge for resentencing.

The trial judge here lost his objectivity and got emotionally involved, and this is reflected in his treatment and sentencing of defendant. The hearing conducted May 20, 1985, entitled Delayed Sentencing Hearing, degenerated into a trial as to whether defendant had operated his vehicle while

[18] *People v Dalessandro,* 165 Mich App 569, 573-575; 419 NW2d 609 (1988), lv den 430 Mich 880 (1988).

[19] *People v Tullie,* 141 Mich App 156, 158; 366 NW2d 224 (1985).

under the influence of intoxicants on April 28, 1985. At that hearing the trial judge vigorously cross-examined defendant and took the role of prosecutor in freewheeling abandonment of his judicial role. An example of the cross-examination by the court follows:

> *The Court:* Now are you lying, Mr. Salgat? Because if you are lying to me, I'm the wrong person to lie to.
> *Defendant Salgat:* No.
> *The Court:* This is the wrong place to lie. Because if you're lying to me, then you're talking about a Circuit Court Judge who loses his compassion, who loses any sense of forgiveness, and generally talks about retribution. And the retribution not only will be for the crime that you stand before the Court convicted of, but the retribution will be for the insult to the dignity of the Court while you're on the delayed sentence committing another crime, do you understand that?

The court then a few days later conducted a "probation violation hearing" although the defendant was not on probation. At the conclusion of that hearing the court addressed the defendant at some length and stated:

> Just remember Mr. Salgat, you're going to prison here today because you abused controlled substances, that's why you're going. No other reason, and because of that abuse, and your rationalization process, you think you can support your habit by crime, and in this court, and in this country crime doesn't pay . . . .

At various times the defendant had been under therapy with the Veteran's Administration and was in the Battle Creek va hospital. When he was originally arrested his counsel filed a motion for

commitment for psychiatric evaluation. At the time of sentencing he was apparently under psychiatric treatment, was taking 100 milligrams of librium every day plus Tylenol IV, and medication obtained from the VA hospital.

The sentencing guidelines recommended a zero to twelve months minimum sentence. Defendant's prior record score was zero, the final PRV level was A and the final offense severity level was 1. The court sentenced defendant to 7½ to 15 years after working itself into a lather over the question whether defendant had been drinking when involved in a minor accident. There was no specific prohibition against drinking contained in the trial court's order of delayed sentence issued July 2, 1984. There was a prohibition against violating any criminal laws, but defendant was not tried and convicted of drunk driving, and those charges were later dismissed. In fairness to the trial judge defendant probably was driving while intoxicated, but this one misdemeanor offense violation should not serve as the reason for this huge sentence enhancement.

Defendant's 7½- to 15-year sentence is completely unjustified, seems motivated by anger and malice, and shocks my judicial conscience. Although the defendant's mental disorders seem to indicate a very compelling need for institutional oversight, I am not convinced that Jackson Prison is the appropriate place for him to receive psychiatric care.