PEOPLE v McKERNAN

Docket No. 122183. Submitted July 19, 1990, at Detroit. Decided October 15, 1990.

Michael A. McKernan pled guilty of second-degree criminal sexual conduct, Macomb Circuit Court, Frederick D. Balkwill, J. In sentencing the sixty-four-year-old defendant to a prison term of four to fifteen years, a sentence within the range of the sentencing guidelines, the court articulated, as a reason for the sentence, that a high risk of recidivism is indicated given defendant's advanced age. Defendant appealed his sentence.

The Court of Appeals *held*:

The theory that the advanced age of a defendant increases the probability of recidivism and justifies a longer sentence than would be given to a younger person is sufficiently complex and controversial to require scientific justification before it may be relied upon by a court.

Remanded for resentencing.

Criminal Law — Sentencing — Risk of Recidivism — Age of Defendant.

The theory that the advanced age of a defendant increases the probability of recidivism and justifies a longer sentence than would be given to a younger person is sufficiently complex and controversial to require scientific justification before it may be relied upon by a court.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert John Berlin,* Chief Appellate Lawyer, and *Laura Z. Dyze,* Assistant Prosecuting Attorney, for the people.

*Mueckenheim & Mueckenheim, P.C.* (by *Mercedes Mueckenheim*), for defendant.

References

Am Jur 2d, Criminal Law §§ 595, 598, 599, 604.
See the Index to Annotations under Age; Habitual Criminals and Subsequent Offenders, Sentence and Punishment.

Before: SHEPHERD, P.J., and SAWYER and MC-
DONALD, JJ.

SHEPHERD, P.J. Pursuant to a plea bargain
agreement, defendant pled guilty to second-degree
criminal sexual conduct, MCL 750.520c; MSA
28.788(3). He was sentenced to four to fifteen years
imprisonment. Defendant appeals as of right, seek-
ing resentencing before a different judge. We re-
mand for resentencing.

Defendant concedes that the minimum sentence
was within the guideline sentence range, but as-
serts that the reasons articulated by the trial
court for the sentence show an abuse of discretion.
Although the trial court did not refer to the guide-
lines at sentencing, the trial court completed a
sentencing information report and articulated rea-
sons for the sentence. While we are not persuaded
that the sentence imposed was excessive, *People v
Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987),
or that the trial court's consideration of the dis-
missed charges was improper, *People v Salgat,* 173
Mich App 742, 746; 434 NW2d 229 (1988), we find
merit in defendant's claim that the trial court
gave inappropriate consideration to his age at
sentencing.

We find no support for the defendant's claim
that the record reflects bias on the part of the trial
court. However, the record shows that the trial
court considered the sixty-four-year-old defendant's
age in assessing the risk of recidivism in this case.
The trial court believed that defendant's age "ar-
gues strongly against any redirection of [defen-
dant's] unhealthy desires for children."

A majority of our Supreme Court has stated:

We disagree with the dissent's implication that
age alone may be a proper reason for departure

where defendant is in an age group with a high likelihood of recidivism. While age may be considered a mitigating or aggravating factor in terms of the individual defendant and the circumstances of the particular crime, its consideration should be limited. Any predictions of a defendant's future behavior based on a status characteristic such as race, religion, gender, or age are suspect.

Neither the Michigan guidelines nor the proposed federal guidelines use age as a sentencing factor. A reasonable sentence may include a limited consideration of defendant's age in terms of other permissible and relevant individual factors such as the absence or presence of a prior record. [*People v Fleming,* 428 Mich 408, 423-424, n 17; 410 NW2d 266 (1987).]

On the basis of *Fleming,* we conclude that resentencing is justified. Although the sentence was within the guidelines and defendant's age was clearly not the sole reason for the sentence, the trial court's remarks indicate that it improperly used defendant's age in assessing the risk of recidivism. Specifically, there was nothing in the presentence report or elsewhere in the record to justify the trial court's conclusion that the age of this defendant points in the direction of a higher probability of recidivism. On the contrary the only scientific report in the file, a report from Dr. Gordon J. Blush of the Psychodiagnostic and Family Services Clinic, indicated that this particular defendant because of his specific background was an unlikely candidate for recidivism.

The trial judge's conclusion seems to be based on his own unsubstantiated personal view of a highly complex aspect of human psychology. The trial judge has simply concluded that an older person is more likely to be a repeat offender than a younger person. Before a sentencing judge can make such a conclusion, some scientific or psychological justification should be made part of the record and the

defendant must be afforded the opportunity to challenge the court's belief at the sentencing hearing. See Davis, *"There is a Book Out . . ."*: *An Analysis of Judicial Absorption of Legislative Facts,* 100 Harv L R 1539 (1987).

The above article demonstrates the dangers of judicial adoption of complex or disputed theories in the social sciences without adequate evidence or analysis. We do not permit courts to accept theories or techniques employed in the physical sciences until they have been accepted by the scientific community. *People v Young (After Remand),* 425 Mich 470; 391 NW2d 270 (1986). The theory that the advanced age of a defendant increases the probability of recidivism and justifies a longer sentence than would be given to a younger person (even within the guidelines) is sufficiently complex and controversial to require scientific justification before it may be relied upon by a court. We do not wish to imply that at a defendant's sentencing the court must conduct a full evidentiary hearing as would be required under *Young, supra,* where the issue is guilt or innocence at a trial. Nevertheless as a minimum we would require that the probation department or the professional psychologist engaged by the court offer an opinion to the court that the age of the defendant in question would make it more likely that he would commit a similar offense again.

The fact that this sentence of four to fifteen years was within the guidelines range of one to four years is of no consequence. Since the trial judge sentenced defendant to the maximum minimum allowed by the guidelines, the judge using proper criteria might sentence defendant to a lesser term within the guidelines.

Remanded for resentencing before the original trial judge. We do not retain jurisdiction.