*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
February 12, 2025
11:02 AM

v

CHRISTIAN EMMANUEL BAY NELSON,

      Defendant-Appellant.

No. 367184
Oakland Circuit Court
LC No. 22-280939-FC

Before: BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of carjacking, MCL 750.529a. The trial court sentenced defendant to a prison term of 85 months to 30 years. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In April 2022, Darius Butler placed an advertisement on Facebook Marketplace for the sale of a 2004 Bentley Continental. He received a response from an individual under the name "Chase Chase." Butler agreed to meet "Chase Chase" at 1235 East Big Beaver Road, in Troy.[1]

Butler testified at trial that he and defendant met in a parking lot at the agreed-upon location. Defendant arrived in a black Chevrolet Malibu with two other individuals. Butler exited the Bentley, but left it running. Defendant exited the Malibu from the driver's side backseat. Another man exited the Malibu from the front passenger seat; the Malibu's driver remained in the vehicle. While Butler was distracted by the man who had exited from the front passenger seat, defendant approached the Bentley. Defendant, facing the Bentley, said "Oh, yeah, this is nice, I'm

---

[1] Although Butler did not specify in his testimony whether the carjacking was committed at 1235 West Big Beaver Road or 1235 East Big Beaver Road, it can be inferred from the record that he was referring to 1235 East Big Beaver Road.

going to take this." Butler turned around, walked up to defendant, and said: "What are you doing, stop."[2]

Defendant turned to face Butler and pointed a pistol at him. Butler froze, and defendant got into the Bentley and began backing it away. The other man got into the Malibu and the Malibu drove away. Butler testified that he walked toward the Bentley, repeatedly saying "stop." Butler was reaching for a pistol that he was carrying, when defendant put the Bentley into drive and "brushed up" against Butler, striking his waist or thigh area with the Bentley. After Butler was struck by the Bentley, he fired his gun, but did not shoot at the Bentley. Defendant drove away. Butler had left the title to the Bentley in the Bentley.

Defendant was arrested in May 2022. The title to a 2004 Bentley Continental in Butler's name was later found in a home where defendant was staying. The Bentley itself was not recovered.

A jury found defendant guilty of carjacking. During sentencing, defense counsel successfully challenged the scoring of offense variable (OV) 7, MCL 777.37, and OV 14, MCL 777.44. The defense did not object to the scoring of 15 points for OV 1, MCL 777.31. Defendant's recommended minimum sentencing guidelines range was 51 to 85 months. Defendant was sentenced within the guidelines as described. This appeal followed. After filing his claim of appeal, defendant filed a postjudgment motion in the trial court, requesting a new trial, directed verdict of acquittal, resentencing, or an evidentiary hearing on his counsel's alleged ineffectiveness. The trial court denied the motion.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecution failed to present sufficient evidence from which a reasonable jury could conclude that defendant committed carjacking. Defendant further argues that the prosecution failed to sufficiently establish venue. We disagree in both respects.

"Criminal defendants do not need to take any special steps to preserve a challenge to the sufficiency of the evidence." *People v Cain*, 238 Mich App 95, 117; 605 NW2d 28 (1999). We review de novo challenges to the sufficiency of the evidence establishing the elements of an offense, examining the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could have found every essential element proved beyond a reasonable doubt." *People v Mitchell*, 301 Mich App 282, 289; 835 NW2d 615 (2013).

However, a defendant must bring a challenge to the prosecution's proof of venue in the trial court to preserve the issue for appeal. See MCL 767.45(1)(c) ("No verdict shall be set aside or a new trial granted by reason of failure to prove that the offense was committed in the county or within the jurisdiction of the court unless the accused raises the issue before the case is submitted to the jury;"); see also *People v Williams*, 1 Mich App 441, 443; 136 NW2d 774 (1965). Because

---

[2] Butler first testified that he stated: "Hey, what are you doing." Butler later testified that he stated: "What are you doing, stop."

defendant did not raise the issue of venue during trial, this issue is unpreserved and is reviewed for plain error affecting substantial rights. See *Cain*, 498 Mich at 116.

"When a defendant challenges the sufficiency of the evidence in a criminal case, this Court considers whether the evidence, viewed in a light most favorable to the prosecution, would warrant a reasonable juror to find guilt beyond a reasonable doubt." *People v Werner*, 254 Mich App 528, 531; 659 NW2d 688 (2002).

> A challenge to the sufficiency of evidence underpinning a conviction implicates due process. Due process requires that a prosecutor introduce evidence sufficient to justify a trier of fact to conclude that the defendant is guilty beyond a reasonable doubt. The prosecutor is not obligated to disprove every reasonable theory consistent with innocence to discharge its responsibility; it need only convince the jury "in the face of whatever contradictory evidence the defendant may provide." We draw all reasonable inferences and credibility choices in support of the jury's verdict. [*People v Darga*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363178); slip op at 6.]

"When reviewing a challenge to the sufficiency of the evidence, all conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Murphy*, 321 Mich App 355, 358-359; 910 NW2d 374 (2017). "The jury [is] free to accept or reject the theory of either party in light of the evidence presented at trial, and this Court will not interfere with the jury's role of determining issues of weight and credibility." *People v Ventour*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 363922); slip op at 7. "While it is an appellate court's duty to review jury verdicts, it may not speculate regarding a jury's conclusions." *People v Garcia*, 448 Mich 442, 502 n 25; 531 NW2d 683 (1995).

## A. CARJACKING

Defendant argues that the prosecution failed to sufficiently prove the elements of carjacking. We disagree.

MCL 750.529a provides in relevant part:

> (1) A person who in the course of committing a larceny of a motor vehicle uses force or violence or the threat of force or violence, or who puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or for any term of years.

> (2) As used in this section, "in the course of committing a larceny of a motor vehicle" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight or attempted flight after the commission of the larceny, or in an attempt to retain possession of the motor vehicle. [See also *People v Smith*, 336 Mich App 297, 304; 970 NW2d 450 (2021), quoting MCL 750.529a.]

"There is no statutory definition of larceny in Michigan and all statutes use the term in its common-law sense." *People v March*, 499 Mich 389, 399-400; 886 NW2d 396 (2016) (quotation marks and citation omitted). "Our Supreme Court has recognized the following elements of common-law larceny: "(a) a trespassory taking and (b) the carrying away (c) of the personal property (d) of another (e) with intent to steal that property." *Smith*, 336 Mich App at 306 (quotation marks and citation omitted).

Under the carjacking statute, a defendant is guilty of carjacking if, while committing larceny, he "uses force or violence or the threat of force or violence, *or* [] puts in fear any operator, passenger, or person in lawful possession of the motor vehicle, or any person lawfully attempting to recover the motor vehicle." MCL 750.529a(1) (emphasis added). "The word 'or' generally refers to a choice or alternative between two or more things." *People v Neal*, 266 Mich App 654, 656; 702 NW2d 696 (2005) (quotation marks and citation omitted).

The prosecution presented sufficient evidence from which a reasonable jury could conclude that defendant committed a larceny of a motor vehicle. The prosecution presented testimony from Butler establishing that the Bentley belonged to him and that he was looking to sell it. Butler testified that defendant looked at the Bentley and stated: "Oh, yeah, this is nice, I'm going to take this." Defendant then pointed a gun at Butler, got into the Bentley, and drove away. The title to the Bentley was later found at a home where defendant was staying. From this evidence, a reasonable jury could infer that defendant committed larceny. *Murphy*, 321 Mich App at358-359.

Additionally, although the prosecution was only required to prove either that defendant used force, violence, or a threat of force or violence, *or* that defendant put Butler in fear, we conclude that the prosecution presented sufficient evidence to prove both of those alternative elements.

The prosecution's evidence established that defendant used the threat of force or violence by pointing a gun at Butler. Our Supreme Court has held that a defendant in a carjacking case can threaten force or violence by displaying a gun or pointing it at the victim. *Hardy*, 494 Mich at 444-445. In this case, the prosecution presented evidence that defendant pointed a gun at Butler before getting into the Bentley and driving away. This is sufficient to establish that a threat of force or violence occurred during the commission of the larceny. The prosecution also presented sufficient evidence to establish that defendant used force while fleeing the scene, by striking Butler with the Bentley. The "force or violence or the threat of force or violence" element of carjacking may be established through an act that occurs "in flight or attempted flight after the commission of the larceny." MCL 750.529a(1); MCL 750.529a(2).

Defendant argues that the contact with Butler was not sufficient to establish that he used force. We disagree. "Force" is not defined in MCL 750.529a(1). When a statute does not define a word, we "may consult dictionary definitions of the word to determine what is included within its meaning." *People v Rogers*, 338 Mich App 312, 323; 979 NW2d 747 (2021). "Force" is defined as "strength or energy exerted or brought to bear: cause of motion or change." *Merriam–Webster's Collegiate Dictionary* (11th ed); see also *Smith*, 336 Mich App at 297. Defendant exerted force upon Butler by striking him with the Bentley; defendant was not required to injure Butler to satisfy this element.

The prosecution also presented evidence from which a reasonable jury could conclude that Butler was put in fear during the commission of the larceny. On direct examination, Butler testified that he "froze up" and was in fear for his life when defendant pointed a gun at him. On cross-examination, Butler testified that he was scared for his life when defendant put the Bentley in drive while he was standing in front of it.

Regardless of whether Butler feared for his life when the gun was pointed at him, when defendant began to drive away, or at both times, his testimony was sufficient to establish this alternate element of carjacking. The fear element may be established if a vehicle operator is put in fear while a defendant is "in flight or attempted flight after the commission of the larceny." MCL 750.529a(2). Although defendant argues that Butler's testimony on this issue was inconsistent, determination of his credibility is the job of the jury, not this Court. See *Ventour*, ___ Mich App at ___; slip op at 7.

The evidence presented by the prosecution was sufficient to allow a reasonable juror to find that defendant used force, threatened force or violence, or put Butler in fear. Accordingly, the evidence, when viewed in the light most favorable to the prosecution, was sufficient to meet the elements of carjacking. *Murphy*, 321 Mich App at358-359.

B. VENUE

Defendant also argues that the evidence presented by the prosecution was insufficient to establish venue. We disagree.

> Generally, a defendant must be tried in the county where the crime is committed. Jurisdiction addresses the judicial power to hear and determine a criminal prosecution whereas venue relates to and defines where the prosecution is to be brought or tried. Although venue is not an essential element of a crime, it must be proven beyond a reasonable doubt, and the determination regarding venue presents a factual issue for the jury. Venue may be proven by circumstantial evidence and reasonable inferences drawn from the evidence. [*People v Malone*, 287 Mich App 648, 660; 792 NW2d 7 (2010).]

During trial, Butler testified that the carjacking was committed at "1235 Big Beaver Road in Troy." Defendant argues that this is insufficient to establish venue because there was no testimony presented as to the county in which the incident occurred. Further, defendant notes that the prosecution failed to present evidence of crossroads or notable landmarks in the vicinity of the crime. We disagree.

The prosecution provided the address of the parking lot where the crime was committed, including its location in the city of Troy. A reasonable jury could infer that the crime was committed in Oakland County because Troy is located completely within Oakland County. "The jury is presumed to have some knowledge of local geography, such as the location of towns." *People v Andrews*, 360 Mich 572, 576; 104 NW2d 199 (1960). Therefore, even if the jury was not familiar with the exact location in which the crime was committed, it is not unreasonable to assume that an Oakland County jury was aware that Troy is located in Oakland County.

-5-

Further, Butler's testimony did provide additional information regarding the location of the offense. Butler testified that, after the carjacking took place, he went to a nearby Burger King to meet with police, located at the intersection of Rochester Road and East Big Beaver Road. This is additional evidence, from which a jury could infer that the crime was committed in Oakland County, as the intersection of Rochester Road and East Big Beaver Road is located in Oakland County. The prosecution set forth sufficient evidence from which a reasonable jury could conclude that the crime was committed in Oakland County. *Malone*, 287 Mich App at 660.[3]

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his defense counsel was ineffective because he failed to move for a directed verdict of acquittal after the prosecution rested. We disagree.

"The question whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "When the reviewing court is left with a definite and firm conviction that the trial court made a mistake, there is clear error." *People v Isrow*, 339 Mich App 522, 531; 984 NW2d 528 (2021) (quotation marks and citation omitted). Because defendant's postjudgment motion for a *Ginther*[4] hearing was denied, our review is limited to errors apparent on the record. See *People v Jackson*, 313 Mich App 409, 431; 884 NW2d 297 (2015); *People v Cox*, 268 Mich App 440, 453; 709 NW2d 152 (2005).

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *Trakhtenberg*, 493 Mich at 51; see also Const 1963, art 1, § 20; US Const, Am VI. In order to obtain a new trial based on the ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52. "Initially, a court must determine whether the strategic choices [were] made after less than complete investigation, and any choice is reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id*. (quotation marks and citation omitted). "A sound trial strategy is one that is developed in concert with an investigation that is adequately supported by reasonable professional judgments." *People v Grant*, 470 Mich 477, 486; 684 NW2d 686 (2004).

"Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120

---

[3] Defendant also suggests that, even if the errors committed in this case do not warrant reversal individually, the accumulation of errors warrants reversal. See *People v Dobek*, 274 Mich App 58, 106; 732 NW2d 546 (2007). We disagree because no errors were committed.

[4] *People v Ginther*, 390 Mich 436, 442-443, 212 NW2d 922 (1973).

(2010). This includes the failure to make a motion for a directed verdict when the prosecution had presented sufficient evidence for such a motion to be properly denied. *People v Riley*, 468 Mich 135, 141-142; 659 NW2d 611 (2003) (citations omitted).

As discussed, the prosecution presented sufficient evidence to establish the elements of carjacking. Specifically, the prosecution proved that defendant pointed a gun at Butler while committing a larceny of his vehicle, struck Butler with the vehicle as he was fleeing the scene, and caused Butler to fear for his life. See MCL 750.529a(1). The prosecution also presented sufficient evidence to prove venue, by presenting testimony stating the address of the parking lot where the carjacking occurred. See *Malone*, 287 Mich App at 660. Therefore, if defense counsel had moved for a directed verdict, that motion would have been futile. *Riley*, 468 Mich at 141-142; *Ericksen*, 288 Mich App at 201.

IV. OV 1

Defendant argues that OV 1 was improperly scored at 15 points and should have been scored at zero points. We disagree. "The interpretation and application of the legislative sentencing guidelines, MCL 777.1 *et seq.*, involve legal questions that this Court reviews de novo." *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009) (footnote omitted). "Under the sentencing guidelines, the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence. Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citations omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013) (footnote omitted), superseded by statute on other grounds as stated in *People v Rodriguez*, 327 Mich App 573, 579 n 3; 935 NW2d 51 (2019).

"OV 1 assesses points for the aggravated use of a weapon." *People v Morson*, 471 Mich 248, 256; 685 NW2d 203 (2004); see also MCL 777.31. OV 1 should be scored at 15 points when "[a] firearm was pointed at or toward a victim or the victim had a reasonable apprehension of an immediate battery when threatened with a knife or other cutting or stabbing weapon." MCL 777.31(1)(c). OV 1 should be scored at 5 points when "[a] weapon was displayed or implied." MCL 777.31(1)(e). OV 1 should be scored zero points when "[n]o aggravated use of a weapon occurred." MCL 777.31(1)(f).

Defendant argues that OV 1 was improperly scored because it was unclear whether defendant actually pointed the gun at Butler, noting that Butler told police the gun was pointed at his head, then later testified that the gun was only pointed at him for a "brief second." We disagree.

The evidence presented at trial clearly established that defendant pointed a gun at Butler during the commission of the carjacking. Butler testified that defendant pointed a gun at him before getting into the Bentley. After the crime was committed, Butler told the 911 operator that a gun was pointed at him. When police arrived to speak to Butler, Butler told the officers that defendant pointed a gun at him. Although Butler stated on cross-examination that the gun was only pointed at him for a brief second, MCL 777.31(1)(c) does not specify an amount of time a

gun need be pointed at a victim to justify a score of 15 points for OV 1. The evidence at trial more than adequately supported the trial court's finding that a firearm was pointed at a victim during the sentencing offense. *McChester*, 310 Mich App at 358.

Defendant also suggests that the trial court was prohibited from scoring any points for OV 1 under MCL 777.31(2)(e), which states: "Do not score 5 points if the conviction offense is a violation of . . . MCL 750.82 and 750.529." MCL 777.31(2)(e). MCL 750.82 involves felonious assault, and MCL 750.529 involves armed robbery. Defendant suggests that, because carjacking is substantially similar to armed robbery, we may hold that MCL 777.31(2)(e) also applies to carjacking. However, even if we found this argument persuasive, MCL 777.31(2)(e) involves whether OV 1 may be scored 5 points for specific enumerated offenses, not 15 points. The statute is inapplicable to this case because OV 1 was properly scored at 15 points. Further, under the plain language of the statute, MCL 777.31(2)(e) only applies to felonious assault and armed robbery. Whether MCL 777.31(2)(e) should also apply to carjacking is a question for the Legislature, rather than this Court. "Our Legislature is presumed to be familiar with the rules of statutory construction, and when it is promulgating new laws it is presumed to be aware of the consequences of its use or omission of statutory language." *People v Tadgerson*, 346 Mich App 104, 116; 11 NW3d 309 (2023) (quotation marks and citation omitted).

## VI. REASONABLENESS OF SENTENCE

Defendant argues that his within-guidelines sentence is unreasonable and disproportionate. We disagree.

"[W]ithin-guidelines sentences are to be reviewed for reasonableness," and a "nonbinding rebuttable presumption of proportionality" shall be applied. *People v Posey*, 512 Mich 317, 359-360; 1 NW3d 101 (2023). "This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. A given sentence constitutes an abuse of discretion if that sentence violates the principle of proportionality . . . ." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021) (quotation marks and citations omitted).

Under *Posey*, "within-guidelines sentences are to be reviewed for reasonableness, but . . . applying a presumption of proportionality . . . through which the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate. . . ." *Posey*, 512 Mich at 359. "A presumption of proportionality does not mean that a within-guidelines sentence is binding on the Court of Appeals." *Id*. "When a trial court sentences a defendant within the guidelines' recommended range, it creates a presumption that the sentence is proportionate. However, unlike a mandate that an appellate court affirms a within-guidelines sentence, the presumption of proportionality may be overcome." *Id*. at 360.

A "defendant bears the burden of overcoming the presumption" that his within-guidelines sentence is proportional. *Posey*, 512 Mich at 357. This Court has stated the following nonexclusive list of factors that may be considered when determining whether a sentence is proportionate:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the

relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citation omitted). See also *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017).][5]

In this case, defendant's minimum guidelines sentencing range was 51 to 85 months, and defendant was sentenced at the top of his guidelines range. The trial court noted certain factors that were not considered by the guidelines or given inadequate weight, such as the fact that defendant both pointed a gun at Butler *and* struck him with the Bentley as he fled. The trial court also noted the psychological impact on Butler, and defendant's extensive criminal record despite his young age; defendant had multiple past convictions involving automobiles, including the unlawful driving away of an automobile and joyriding. Defendant also had multiple outstanding warrants.

Although several of the factors considered by the trial court were already accounted for by the guidelines, the trial court was permitted to consider that they were given inadequate weight. Moreover, some of the factors considered by the trial court were not accounted for by the guidelines, such as the rapid escalation of defendant's crimes involving vehicles or the fact that Butler was placed at risk of being shot and being injured or killed by his own car.

Defendant argues that his age should have been a mitigating factor, because defendant was 19 years old at the time the crime was committed. But "[n]either the Michigan guidelines nor the proposed federal guidelines use age as a sentencing factor. A reasonable sentence may include a limited consideration of defendant's age in terms of other permissible and relevant individual factors such as the absence or presence of a prior record." *People v McKernan*, 185 Mich App 780, 782; 462 NW2d 843 (1990). Defendant also argues the trial court should have considered the effect of "peer pressure" on defendant's decision-making and defendant's strong family support. However, the record contains no evidence supporting defendant's claim that he committed the offense because of peer pressure, and the trial court was not required to find that defendant's strong family support mitigated the effect of the other factors discussed. Defendant has failed to meet his burden of proof to establish his within-guidelines sentence was disproportionate and therefore unreasonable. *Posey*, 512 Mich at 357.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael J. Kelly
/s/ Allie Greenleaf Maldonado

---

[5] *People v Walden*, 319 Mich App 344; 901 NW2d 142 (2017), and *People v Dixon-Bey*, 321 Mich App 490; 909 NW2d 458 (2017), discuss factors a trial court may consider when determining whether an above-guidelines sentence is reasonable and proportionate. In this case, defendant's sentence was within the sentencing guidelines.